UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK WHITE, | Case No. 09-13787 |
| Plaintiff, | Gerald E. Rosen |
| vs. | United States District Judge |
| SECURE CARE COMPANY, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____ / | |

### REPORT AND RECOMMENDATION
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 35)

**I.    PROCEDURAL HISTORY**

On September 25, 2009, plaintiff filed a prisoner civil rights action against Secure Care Company and two of its employees arising from allegedly inadequate medical care provided at the Saginaw County Jail. (Dkt. 1). Plaintiff's application to proceed *in forma pauperis* was granted. (Dkt. 5, 6). On December 4, 2009, this matter was referred to the undersigned by District Judge Gerald E. Rosen, for all pretrial proceedings. (Dkt. 15).

Defendants filed a motion for summary judgment on August 26, 2010. (Dkt. 35). Plaintiff filed a response on October 18, 2010. (Dkt. 42). Defendants filed a reply on October 28, 2010. (Dkt. 43). On November 2, 2010, plaintiff filed a motion for leave to file a supplemental response, which was granted. (Dkt. 44, 45).

This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that the Court **GRANT** defendants' motion for summary judgment and **DISMISS** plaintiff's complaint with prejudice.

## II.     FACTUAL BACKGROUND

Plaintiff alleges he entered Saginaw County Jail on October 14, 2006 and requested Elaine Kaiser and Secure Care, Inc., to begin treatment for Hepatitis C. (Dkt. 1, p. 5). He alleges the treatment was denied. Plaintiff alleges he was released to MDOC custody on June 19, 2007. (Dkt. 1, p. 5). It is alleged that a liver biopsy was performed in August 2008, while plaintiff was in MDOC custody, and that treatment was recommended by a treating physician in May 2009. Plaintiff alleges he was released from custody on June 16, 2009. He further alleges that he returned to custody at Saginaw County Jail on July 8, 2009. Plaintiff alleges he requested treatment for his hepatitis but was denied by Secure Care, Inc, Elaine Kaiser and Dr. J. Natole. (Dkt. 1, p. 5).

On arrival at the jail, plaintiff was asked to complete a medical information release for records from Halifax Hospital, which plaintiff executed on November 21, 2006. (Dkt. 36, p. 4). Defendants point out that the request by defendant Kaiser specifically asked for any "Hep C reports." *Id*. Intake screening had been completed on November 14, 2006. (Dkt. 33, p. 2). Plaintiff acknowledged that he

had Hepatitis C as well as high blood pressure, weight loss, mental illness and pancreatitis. *Id.* Plaintiff also admitted that he was not on any medications from any hospital since he had been released in February 2006 and that there were no prescriptions for any of his medical conditions. (Dkt. 36, p. 3).

In response to the request for medical information concerning plaintiff's conditions, Halifax Medical Center faxed a copy of the most recent admissions. Plaintiff had been seen in its emergency room on September 10, 2006, one month prior to his incarceration. (Dkt. 36, pp. 5-9). He admitted to drinking a 5th of vodka a day and wanted pain medications. Diagnosis by the ER physician was pancreatitis and alcohol hepatitis. The prisoner was admitted to the hospital for full work-up. The history and physical was positive for alcoholism, DT's with seizures, compression fracture of T-7. He was also positive for Hepatitis C. The assessment plan did not mention any necessary medication or treatment for the diagnosis of alcohol hepatitis/hepatitis C. *Id.* Defendants point out that, despite plaintiff's multiple requests for pain medications during this initial period of incarceration, there are no kites or requests to see the doctor for any issues surrounding the hepatitis C. According to defendants, the evidence shows that plaintiff was not receiving any treatment for the condition when he came in and no circumstances changed that were ignored or refused.

According to plaintiff's complaint, he was transferred to the custody of the

MDOC on June 19, 2007. (Dkt. 1, p. 5). He alleges that a liver biopsy was done in August, 2008 and in May, 2009, Dr. Chamberlain, ordered treatment for hepatitis C. Plaintiff also alleges that he was released by the MDOC on June 16, 2009, but was unable to get treatment before being returned to Saginaw County's custody on July 8, 2009. *Id*.

While plaintiff alleges that in August 2008 and May 2009, physicians had ordered treatment for his hepatitis C, according to defendants, the medical records are to the contrary. On July 8, 2009, an Intake Screening was performed and there was no mention of hepatitis C. (Dkt. 36, pp. 10-11). On July 9, 2009, was seen and examined on his return to jail. The plan was to continue his current regimen of medications. (Dkt. 36, p. 12). As a result, the prisoner's medication history from June 1, 2007 through May 1, 2009 was reviewed and there were no medications for hepatitis C. (Dkt. 36, pp. 13-14). Additionally, on July 10, 2009, defendants requested and received copies of the latest hospitalization for the prisoner. (Dkt. 36, pp. 15-25). He had been hospitalized five days earlier and reflected a significant history of diabetes and no medications for hepatitis. While historically it was noted he suffered from hepatitis C, there was no ongoing treatment. *Id.*

Defendants point out that two days before filing this lawsuit, plaintiff had requested to see the doctor to "discuss pain management," and he was seen by Dr. Natole and was provided pain medication. No mention was made, however, of any

concerns over his hepatitis C. (Dkt. 37). Additionally, on October 15, 2009, the prisoner requested a referral to see an orthopedic surgeon for revision of his plates and screws, which was approved, and no discussions appear to have taken place regarding hepatitis treatment. (Dkt. 37).

In his response to the motion for summary judgment, plaintiff offers his own affidavit in which he attests that he repeatedly asked all defendants to treat him for hepatitis C and they refused. (Dkt. 42, p. 17). He also attests that "numerous" physicians have told him that "treatment for Hep_C as a diabetic can cause complete failure of pancreas." *Id*. Plaintiff provides records of his complaints regarding medical treatment. He provided a note dated August 1, 2009 from L. Brown, LPN, indicating that if he could provide information regarding any treatment for his hepatitis, she would be happy to discuss the situation further with him. (Dkt. 42, p. 35).[1] Plaintiff was also granted permission to file a supplemental response to the motion for summary judgment. (Dkt. 44). Plaintiff provided a copy of the August 8, 2008 liver biopsy and the April 17, 2009 recommendation for treatment, which he asserts supports his claim that treat was necessary and the delay in treatment caused liver damage. (Dkt. 44, pp. 1-2). Dr. Craig Hutchinson, an infectious disease specialist from the MDOC, wrote in the April 17, 2009 report,

---

[1]All other written complaints regarding hepatitis treatment issues submitted by plaintiff are dated long after this lawsuit was filed.

in pertinent part:

> 2. I recommend awaiting the parole decision and if [plaintiff] is to remain in custody for seven months and he is interested in taking the Hepatitis C treatment, I believe his trajectory of hemoglobin A1C is such that he [will] be in an area around 8.5 to 9 where it will be safe to consider the Hepatitis C treatment.
>
> 3. Please provide him with the four pages of patient information from the 07/08 Michigan Department of Corrections program statement on Hepatitis C antivirals where we that here in the correctional system or back in the community.

(Dkt. 44, p. 8).

### III.   ANALYSIS AND CONCLUSIONS

####    A.   Standard of Review

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Rule 56 limits the materials the Court may consider in deciding a motion under the rule: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (citation omitted). Moreover, affidavits must meet certain requirements:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Fed.R.Civ.P. 56(e)(1). In accordance with Rule 56(e), the Sixth Circuit has held "that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993). Thus, in resolving a Rule 56 motion, the Court should not consider unsworn or uncertified documents, *Id.*,

unsworn statements, *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-969 (6th Cir. 1991), inadmissible expert testimony, *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1280 (6th Cir. 1997), or hearsay evidence, *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222, 225-226 (6th Cir. 1994). Thus, "[a] party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact." *Id.*, quoting, *Sperle v. Michigan Dept. of Corrections*, 297 F.3d 483, 495 (6th Cir. 2002) (citation and quotation marks omitted).

    B.    <u>Deliberate Indifference</u>

In order to state an Eighth Amendment violation, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference requirement is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008), citing, *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004). "The failure to address a serious medical need rises to the level of a

constitutional violation where both objective and subjective requirements are met." *McCarthy v. Place*, 313 Fed.Appx. 810, 814 (6th Cir. 2008). "The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious'" and "'that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000), quoting, *Farmer*, 511 U.S. at 834. "To satisfy the subjective component, an inmate must show that prison officials had 'a sufficiently culpable state of mind.'" *Id*.

A serious medical need generally falls into one of two categories: (1) a medical need diagnosed by a physician as requiring treatment; or (2) a medical need that is so obvious that a lay person would easily recognize the necessity for a doctor's attention. *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.), *cert. denied*, 486 U.S. 1006 (1988). As to the latter category, "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Dodson v. Wilkinson*, 304 Fed.Appx. 434, 439 (6th Cir. 2008), quoting, *Napier*, 238 F.3d at 742. As the Sixth Circuit explained in *Blackmore v. Kalamazoo Co.*, 390 F.3d 890, 898 (6th Cir. 2004):

> *Napier* applies where the plaintiff's "deliberate indifference" claim is based on the prison's failure to treat a condition adequately, or where the prisoner's

> affliction is seemingly minor or non-obvious. In such circumstances, medical proof is necessary to assess whether the delay caused a serious medical injury.

The case law is clear that the mere existence of a Hepatitis C infection is not necessarily a "serious medical need" warranting treatment such that the failure to provide treatment violates the Eighth Amendment. *See Fitts v. Burt*, 2009 WL 1213075, *3 (E.D. Mich. 2009) ("While his Hepatitis C infection may in fact necessitate a sufficiently serious need for medical care *at times*, Plaintiff has not provided this Court with any evidence showing that he had such a sufficiently serious need during the time in question, especially one that would be obvious to a lay person. His 'verifying medical evidence' of *merely having* Hepatitis C does not establish any 'detrimental effect of the delay in medical treatment.'") (emphasis added); *Hix v. Tennessee Dep't of Corrections*, 2006 WL 2431103, *6 n. 1 (6th Cir. 2006) (Sixth Circuit has recognized, as "numerous courts have acknowledged, hepatitis C does not require treatment in all cases."); *Loukas v. MDOC*, 2008 WL 544639, *2 (W.D. Mich. 2008) (same); *Haley v. Miller*, 2010 WL 3069313, *8 (M.D. Tenn. 2010) (No deliberate indifference where the record indicates that the plaintiff's Hepatitis C was not treated with interferon therapy because he was asymptomatic and the treatment would have further compromised his immune system.). Similarly, in this case, plaintiff has failed to establish a genuine issue of material fact that his Hepatitis C, while in the custody of the Saginaw County Jail,

was a "serious medical need." Plaintiff claims that Dr. Craig Hutchinson, an infectious disease specialist from the MDOC, indicated that treatment was medically necessary. However, Dr. Hutchinson's report, as provided by plaintiff, recommends that *if* plaintiff is to remain in MDOC custody for "seven months," that his test results appeared to be going in the "direction" such that treatment could be safely given:

> 2. I recommend awaiting the parole decision and if [plaintiff] is to remain in custody for seven months and he is interested in taking the Hepatitis C treatment, I believe his trajectory of hemoglobin A1C is such that he [will] be in an area around 8.5 to 9 where it will be safe to consider the Hepatitis C treatment.
>
> 3. Please provide him with the four pages of patient information from the 07/08 Michigan Department of Corrections program statement on Hepatitis C antivirals where we that here in the correctional system or back in the community.

(Dkt. 44, p. 8). Nothing in Dr. Hutchinson's report or his recommended course of action suggests that irreparable damage would occur if plaintiff did not receive this course of treatment. And, it is not entirely clear that plaintiff's test results and other conditions to obtain such treatment were, in fact, satisfied as Dr. Hutchinson believed they would be in the future.

In addition, plaintiff has failed to create any material issue of fact as it relates to the subjective component of the deliberate indifference test. There is no

evidence in the record showing that defendants were even aware of Dr. Hutchinson's report during the two time periods plaintiff was in the custody of the Saginaw County Jail that are at issue in this lawsuit. Thus, even if Dr. Hutchinson's report suggested, as plaintiff claims, that treatment was medically necessary and that plaintiff satisfied all conditions for treatment, plaintiff has not offered any evidence that defendants were aware of this report. As set forth above, it is not always necessary or appropriate to treat Hepatitis C; therefore, the course of action taken by defendants in this case is not deliberately indifferent.[2]

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **GRANT** defendants' motion for summary judgment and **DISMISS** plaintiff's complaint with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

---

[2] Given the foregoing conclusions on the merits of plaintiff's claims and defendants' motion, the undersigned finds it unnecessary to address defendants' defense of failure to exhaust administrative remedies.

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date: January 21, 2011 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

      I certify that on January 21, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>J. Brian MacDonald</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Mark White, ID# 228524, MACOMB REGIONAL FACILITY, 34625 26 Mile Road, New Haven, MI 48048</u>.

                                                  <u>s/Tammy Hallwood</u>
                                                  Case Manager
                                                  (810) 341-7887
                                                  tammy_hallwood@mied.uscourts.gov